This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                           **NO. 32,576**

**MARVIN ROYBAL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis P. McDonald, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

D. Eric Hannum
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant appeals his convictions for DWI (non-aggravated, first offense) and failure to maintain lanes. [RP 50] Our notice proposed to reverse, and the State filed a memorandum in opposition. We are not persuaded by the State's arguments and therefore reverse and remand for a new trial.

{2}     Defendant argues that his breath test results should have been excluded on the basis that the State failed to present adequate evidence that Defendant was advised of his right to independent chemical testing at the State's expense. [DS 3] Relevant to this issue, Officer Roskos testified that he advised Defendant of the New Mexico Implied Consent Act (ICA). [DS 2; MIO 2] When asked how he advised Defendant, Officer Roskos answered, "[w]e have a very large New Mexico Implied Consent Act board that I usually read from," and provided that he read from that board. [DS 2; MIO 2] Officer Roskos did not testify about the specific contents of the board or whether the board was an accurate copy of the contents of the ICA. [DS 2] Defendant objected to admission of the breath alcohol test results, on the basis that the officer's testimony failed to establish that he advised Defendant of his right to independent testing. [DS 3; MIO 3] In response to Defendant's objection, the State argued that the district court could take judicial notice of the ICA board such that it contains the necessary information about the right to an independent test. [DS 3] The district court admitted the breath test results. [DS 3]

{3}     NMSA 1978, Section 66-8-109(B) (1993), of the ICA requires that persons be advised of the right to an independent chemical test for blood or breath alcohol content in addition to any test performed at the direction of a law enforcement officer. In an effort to show compliance with Section 66-8-109(B), the State emphasizes that "[t]he testimony . . . was that Defendant had been advised of his rights in accordance with the Implied Consent Act . . . [such that] Officer Roskos must have read to Defendant the advice of the right to an independent test." [MIO 3] We disagree, and instead conclude that the general assertion that Defendant was advised of his ICA rights failed to adequately address Defendant's objection that he was not advised of his right to independent testing.

{4}     In concluding that Officer Roskos' testimony, upon Defendant's objection, did not satisfy Section 66-8-109, we consider *State v. Duarte*, 2007-NMCA-012, ¶¶ 20-23, 140 N.M. 930, 149 P.3d 1027, where the defendant also argued that he was not advised of his right to independent testing. In *Duarte*, the officer who administered the breath test testified that he read the defendant the ICA off a standardized card that was issued by the New Mexico Scientific Laboratory Division (SLD). *Id.* ¶ 21. Evidence was also introduced that the standardized card contained, among other statements, that the subject has the right to an independent test. *Id.* From this evidence, *Duarte* concluded that the district court could reasonably conclude that the

officer read to the defendant what was written on the card and that the officer informed the defendant of his right to an independent test. *Id.* ¶ 23.

**{5}** Conversely, *unlike Duarte*, in the present case there is no indication that the referenced "board" was standardized or issued by the SLD, or otherwise included all of the requisite ICA rights for which persons must be advised, including the right to independent testing. *See* § 66-8-109(B). Absent any indication of the board's actual contents, or that the board was even available for examination during trial, we disagree that judicial notice could be taken that it adequately advised Defendant of his right to independent testing.

**{6}** We accordingly reverse Defendant's convictions and remand for a new trial.

**{7}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**

4